UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| LULA TAYLOR,<br><br>Plaintiff,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION,<br><br>Defendant. | Case No. 3:18-cv-00586-MMD-CBC<br><br>ORDER |

Plaintiff Lula Taylor initiated this action *pro se* to assert a claim for negligence arising from an incident where she slipped and fell from a liquid substance on the floor of an aisle at Defendant Costco Wholesale Corporation's premises. (ECF No. 1 at 8-9.) Before the Court are Plaintiff's objections (ECF No. 79) to United States Magistrate Judge Carla Baldwin Carry's order requiring Plaintiff to file a notice of change of address (ECF No. 77). Additionally before the Court are Plaintiff's objections (ECF No. 80) to Judge Carry's ruling (ECF No. 74) lifting the discovery stay and requiring Plaintiff to comply with the Court's order (ECF No. 36) to supplement her discovery responses. Given that the Court already ruled on Plaintiff's second set of objections (*see* ECF No. 78), the Court construes the second set of objections as a motion for reconsideration. For the reasons discussed herein, the Court overrules Plaintiff's objections and denies Plaintiff's motion for reconsideration.

Magistrate judges are authorized to resolve pretrial matters subject to district court review under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a) (a "district judge . . . must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law"); *see also* LR IB 3-1(a) ("A district judge may reconsider any pretrial matter referred to a magistrate judge

in a civil or criminal case under LB IB 1-3, when it has been shown the magistrate judge's order is clearly erroneous or contrary to law."). A magistrate judge's order is "clearly erroneous" if the court has a "definite and firm conviction that a mistake has been committed." *See United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Jadwin v. County of Kern*, 767 F. Supp. 2d 1069, 1110-11 (E.D. Cal. 2011) (quoting *DeFazio v. Wallis*, 459 F. Supp. 2d 159, 163 (E.D.N.Y. 2006)). When reviewing the order, however, the magistrate judge "is afforded broad discretion, which will be overruled only if abused." *Columbia Pictures, Inc. v. Bunnell*, 245 F.R.D. 443, 446 (C.D. Cal. 2007). The district judge "may not simply substitute its judgment" for that of the magistrate judge. *Grimes v. City & County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) (citing *United States v. BNS, Inc.*, 858 F.2d 456, 464 (9th Cir. 1988)).

Plaintiff's objections to Judge Carry's minute order requiring her to update her address will be overruled. While Plaintiff filed a notice of change of address on July 31, 2019 (ECF No. 72), mail sent to that address was returned as undeliverable (ECF No. 75). Plaintiff must provide the Court with an address at which she can receive mail. *See* LR IA 3-1.

Plaintiff's motion for reconsideration (ECF No. 80) of the Court's order overruling her earlier objections (ECF No. 78) will be denied. A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003). Reconsideration is appropriate if this Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. AC&S, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378

///

F. Supp. 2d 1280, 1288 (D. Nev. 2005). Plaintiff's motion is not rooted in any valid ground for reconsideration.

It is therefore ordered that Plaintiff's objections (ECF No. 79) are overruled.

It is further ordered that Plaintiff's objections (ECF No. 80), construed as a motion for reconsideration, are denied.

DATED THIS 21st day of August 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE