UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

LULA TAYLOR,

Plaintiff,

v.

COSTCO WHOLESALE CORPORATION,

Defendant.

Case No. 3:18-CV-0586-MMD-CBC

**ORDER**

Defendant Costco Wholesale Corporation ("Costco") has filed a motion for sanctions (ECF No. 61) and notice of plaintiff's failure to comply with court order and request for sanctions (ECF No. 82), which the court construed as a supplement to the motion for sanctions. Plaintiff Lula Taylor ("Plaintiff") has responded (ECF Nos. 65, 66, 67, 85, 86), and Costco has replied (ECF Nos. 69, 87, 89). The motion relates to Plaintiff's continued failure to comply with this court's order from May 20, 2019, ECF No. 36. Because Plaintiff is proceeding *pro se*, the court will give Plaintiff one final opportunity to comply with this court's order ECF No. 36.

**I.     BACKGROUND AND PROCEDURAL HISTORY**

In this removed case, Plaintiff asserts a claim for negligence arising from an incident where she allegedly slipped and fell from a liquid substance on the floor of an aisle at Costco's premises. (ECF No. 1 at 8-9).

On April 12, 2019, Costco filed a motion to compel and for sanctions, related to Plaintiff's failure to provide adequate discovery responses. (ECF No. 17). The court held a hearing on May 20, 2019, and specifically ordered that (1) Plaintiff supplement her answers to Costco's interrogatories, (2) Plaintiff disclose her social security number, (3) Plaintiff sign a HIPAA authorization, (4) Plaintiff supplement her responses to Costco's

requests for production, (5) the parties meet and confer on June 20, 2019, and (6) the parties cease personal attacks. (ECF No. 36). The court also discussed with the parties the sanctions the court may impose under Rule 11 and Rule 37 should orders of the court continue to be violated by the parties. (*Id.*) Specifically, that sanctions include awarding attorneys fees, ordering that certain facts have been established, striking pleadings, prohibiting introduction of evidence, holding people in contempt of court, and dismissal of an action with prejudice. (*Id.*)

On June 3, 2019, Plaintiff filed an objection to the rulings and order made during the May 20, 2019 hearing. (ECF No. 40). Notably, in addition to numerous other objections, Plaintiff objected to the disclosure of her social security number and argued that it is "privileged." (*See id.* at 5.) In light of the objections, the court stayed discovery and all associated discovery deadlines until the District Court entered an order on the objections. (ECF No. 59). On July 2, 2019, Costco filed its motion for sanctions for Plaintiff's failure to comply with the court's May 20, 2019. (ECF No. 61). On July 12, 2019, the District Court entered an order overruling Plaintiff's objections. (ECF No. 63). The District Court specifically overruled Plaintiff's objection that her social security number is "privileged." (*Id.* at 3). On August 1, 2019, after the District Court entered its order, the court lifted the discovery stay, and gave Plaintiff until September 2, 2019 to comply with the court's order, ECF No. 36, requiring her to supplement her discovery responses. (ECF No. 74). The court cautioned Plaintiff that if she failed to comply with the court's order, ECF No. 36, the court would consider all available sanctions, including case terminating sanctions, under Fed.R.Civ.P. 37, Local Rule IA 11-8, 28 U.S.C. § 1927, and/or the court's inherent power. (*Id.*)

On August 13, 2019, Plaintiff filed an objection to the court's August 1, 2019 order, and again objected to the May 20, 2019 order. (ECF No. 76). Plaintiff again objected to the disclosure of her social security number. (*Id.*) On August 15, 2019, the District Court entered an order overruling Plaintiff's objections to the August 1, 2019 order and denying

Plaintiff's reconsideration of the ruling related to the May 20, 2019 order. (ECF No. 78). On August 16, 2019, Plaintiff again filed objections to the August 1, 2019 order. (ECF No. 80). On August 21, 2019, the District Court construed the objections as a motion for reconsideration and denied the motion. (ECF No. 81). On September 10, 2019, Costco filed a notice of plaintiff's failure to comply with court order and request for sanctions. (ECF No. 82). The court construed the notice as a supplement to the motion for sanctions, ECF No. 62. (ECF No. 83).

## II. DISCUSSION

Plaintiff continues to be in noncompliance with this court's order requiring her to supplement her discovery responses.[1] One primary issue is Plaintiff's continued refusal to disclose her social security number. Plaintiff continues to object to its disclosure and claims her social security number is "privileged." However, there is no valid basis for the objection, and it has repeatedly been overruled by both this court and the District Court because a person's social security information is not the type of "privileged" material contemplated under Rule 26(d). Plaintiff's refusal to disclose her social security number hinders Costco's ability to obtain Plaintiff's relevant medical records, which Plaintiff also refuses to provide. Without disclosure of Plaintiff's social security number and relevant medical records, it is nearly impossible for this case to proceed, because without this evidence, Plaintiff will be unable to prove her damages, and conversely, Costco will be unable to properly defend itself, if, for example, any pre-existing injuries or conditions exist.

Accordingly, at this time, the court will defer ruling on the motion for sanctions (ECF No. 61) and, in light of Plaintiff's *pro se* status, will provide Plaintiff one final opportunity to comply with the court's order ECF No. 36, requiring her to supplement her discovery responses. While Plaintiff has repeatedly objected to the court's order, those objections

---

[1] While it appears Plaintiff has provided a "supplement" to Costco, Costco represents that the "supplement" fails to actually supplement Plaintiff's previous responses. *See* ECF No. 82 at 1-2.

have been overruled.  Plaintiff does not have a valid objection to the court's order requiring her to supplement her discovery responses.  Plaintiff is on notice that this is her last and final opportunity to properly and completely comply with the court's order, ECF No. 36.  Moreover, if Plaintiff fails to comply with the court's order, the court will consider all available sanctions, including case terminating sanctions, under Fed.R.Civ.P. 37, Local Rule IA 11-8, 28 U.S.C. § 1927, and/or the court's inherent power.

### III. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff shall have to and including **Monday, October 21, 2019** to comply with the court's order ECF No. 36 requiring her to supplement her discovery responses; and

**IT IS FURTHER ORDERED** that if Plaintiff fails to comply with the court's order ECF No. 36, the court will consider all available sanctions, including case terminating sanctions, under Fed.R.Civ.P. 37, Local Rule IA 11-8, 28 U.S.C. § 1927, and/or the court's inherent power.

**IT IS SO ORDERED.**

**DATED**:  October 8, 2019.

_____
UNITED STATES MAGISTRATE JUDGE