UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| LULA TAYLOR, | Case No. 3:18-cv-00586-MMD-VCF |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| COSTCO WHOLESALE CORPORATION, | |
| Defendant. | |

## I. SUMMARY

Plaintiff Lula Taylor initiated this action *pro se* to assert a claim for negligence arising from an incident where she slipped and fell from a liquid substance on the floor of an aisle at Defendant Costco Wholesale Corporation's premises. (ECF No. 1 at 8-9.) Before the Court is Plaintiff's motion for declaratory judgment (ECF No. 84) and second motion for recusal (ECF No. 92). For the reasons explained below, the Court will deny both motions.

## II. MOTION FOR RECUSAL

Plaintiff seeks this Court's recusal under 28 U.S.C. §§ 455 and 144. Section 455(a) mandates recusal if the judge's impartiality might reasonably be questioned. Section 455(b)(1) compels recusal where a judge has personal bias or prejudice towards the moving party. Section 144 provides that a party may submit an affidavit that the presiding judge "has a personal bias or prejudice against [her] or in favor of any adverse party" and requires that said affidavit "state the facts and the reasons" for such belief.

Plaintiff asserts generally that I am biased against her as a *pro se* litigant. (ECF No. 93 at 2-3.) However, she fails to offer any facts or reasons to support her claim of bias.

Plaintiff requests recusal because she has recently filed a civil rights complaint naming me. (ECF No. 92 at 23; *Taylor, et al. v. Sullivan, et al.*, 3:19-cv-668 (D. Nev. Nov.

5, 2019).) However, "[a] judge is not disqualified by a litigant's suit or threatened suit against [her]." *United States v. Studley*, 783 F.2d 934, 940 (9th Cir. 1986). "The law does not allow a party to create a conflict and use it as a basis for a request for recusal"—as Plaintiff attempts here. *United States v. Bundy*, No. 2:16-CR-046-GMN-PAL, 2016 WL 3012041, at *2 (D. Nev. May 24, 2016) (citation omitted). Accordingly, the Court finds there is no valid basis for Plaintiff to seek recusal and denies Plaintiff's motion for recusal (ECF No. 92).

## III. MOTION FOR DECLARATORY JUDGMENT

Plaintiff requests that this Court declare that Plaintiff's social security number is beyond the scope of discovery. (ECF No. 84 at 21.) But the motion is procedurally defective because such requests normally requires the "the filing of an appropriate pleading," 28 U.S.C. § 2201(a).[1]

For reasons below, the Court construes Plaintiff's motion for declaratory judgment as a motion for reconsideration. Earlier in the litigation, Plaintiff objected to Judge Baldwin's order (ECF No. 36 ("First Minute Order")) that Plaintiff disclose her social security number, and insisted the information is "privileged." (ECF No. 40 at 5.) The Court overruled the objection because "a person's social security information is not the type of 'privileged' materials contemplated under [Federal Rule of Civil Procedure] 26(b)." (ECF No. 63 at 3 n.2.) Judge Baldwin later ordered Plaintiff to supplement her discovery responses (ECF No. 74 ("Second Minute Order")). Plaintiff filed an objection to the Second Minute Order (ECF No. 76), which this Court denied (ECF No. 78). Plaintiff again filed an objection to the Second Minute Order (ECF No. 80), which the Court construed as a motion for reconsideration and denied the motion (ECF No. 81 at 1). Plaintiff now attempts

---

[1] And while claims seeking declaratory judgment can also be filed through either a counterclaim or crossclaim, Plaintiff has filed neither. *See Stickrath v. Globalstar, Inc.*, No. C07-1941 TEH, 2008 WL 2050990, at *3 n.2 (N.D. Cal. May 13, 2008) (noting that "[t]here is no reason why [declaratory judgment suits] may not be initiated in the form of a counterclaim" (citation and quotes omitted)); *Redmond v. Alexander,* 98 B.R. 557, 559 (D. Kan. 1989) ("[D]eclaratory judgment may be sought by way of counterclaim or cross-claim.").

2

a third time to relitigate the First and Second Minute Orders in the guise of a motion for declaratory judgment. (ECF No. 84.) In fact, it is a motion for reconsideration, which the Court will treat as such.

A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003). Reconsideration is appropriate if this Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. AC&S, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F. Supp. 2d 1280, 1288 (D. Nev. 2005). The crux of Plaintiff's argument is that compelling her to disclose her social security number is a violation of Section 7 of the Federal Privacy Act of 1974, 5 U.S.C. § 552a note. (ECF No. 84 at 3, 14.) But courts have interpreted the statute as exempting the entire judicial branch of government. *See, e.g., Ramirez v. Dep't of Justice*, 594 F. Supp. 2d 58, 62 (D.D.C. 2009) (citing to 5 U.S.C. § 551(1)(B)). Besides Plaintiff's misplaced reliance on the Privacy Act, her motion is not rooted in any other valid ground for reconsideration.

It is therefore ordered that Plaintiff's motion for recusal (ECF No. 84) is denied.

It is further ordered that Plaintiff's motion for declaratory judgment (ECF No. 92), construed as a motion for reconsideration, is denied.

DATED THIS 15th day of November 2019.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE