# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

LULA TAYLOR,

        Plaintiff,

vs.

COSTCO WHOLESALE CORPORATION,

        Defendant.

3:18-cv-00586-MMD-VCF

**REPORT AND RECOMMENDATION**

**And**

**ORDER**

Motion for Leave to File First Amended Complaint [ECF No. 34]; Motion for Order to Show Cause [ECF No. 60]; Motion for Sanctions [ECF No. 61]

      This case was assigned to me as magistrate judge on November 8, 2019. ECF No. 95. On January 29, 2020, the district judge referred to me for decision: (1) plaintiff's Motion to Amend (ECF No. 34), (2) defendant's Motion for Order to Show Cause (ECF No. 60), and (3) defendant's Motion for Sanctions (ECF No. 61). For the reasons stated below, I recommend that defendant's Motion for Sanctions (ECF No. 61) be granted and that both plaintiff's Motion to Amend (ECF No. 34) and defendant's Motion for Order to Show Cause (ECF No. 60) be denied as moot.

## BACKGROUND

      This case commenced on December 10, 2018, when defendant filed a petition for removal. ECF No. 1. Pursuant to LR 26-1(a) the deadline for holding a Fed. R. Civ. P. 26(f) meeting was January 10, 2019. On January 3, 2019, plaintiff filed a motion seeking a 90-day extension of that deadline. ECF. No. 3. Defendant opposed, disputing representations in plaintiff's motion and proposing a two- or three-

1

week extension. ECF No. 9. The magistrate judge held a hearing on January 30, 2019, and thoroughly explained federal pretrial procedure to the plaintiff, who was representing herself. See transcript ECF No. 97. At the conclusion of the hearing, the magistrate judge set a deadline for the 26(f) conference, the discovery cutoff date, the dispositive motion date, and the joint pretrial order date. ECF No. 11. The parties filed a conforming discovery plan and scheduling order which was approved on March 1, 2019. ECF No. 15.

On April 12, 2018, defendants filed a Motion to Compel. ECF No. 17. On April 16, 2019, plaintiff filed a Motion to Compel. ECF No. 18. These motions were briefed and the magistrate judge set a hearing for May 20, 2019. ECF No. 26. In addition to the briefing permitted by court rules, plaintiff filed a number of Evidentiary Objections and Proposed Orders, which the magistrate judge struck during the May 20, 2019, hearing. ECF No. 36. These fugitive documents were docketed as ECF Nos. 19, 20, 22, 23, 24, 30, 31, 32, and 33.

The May 20, 2019 hearing lasted two hours. Plaintiff's Motion to Compel (ECF No. 18) was denied. Defendant's Motion to Compel (ECF No. 17) was granted. ECF No. 36. Plaintiff was ordered to sign a HIPPAA authorization by no later than June 3, 2019, and to supplement certain discovery responses by no later than June 10, 2019. *Id.* On June 3, 2019, the parties filed a Stipulated Protective Order (ECF No. 38) which was approved on June 5, 2019. ECF No. 41.

Also, on June 3, 2019, plaintiff filed an objection to the magistrate judge's May 20, 2019, rulings, including the order to sign a HIPPAA authorization and to supplement certain discovery responses by the deadlines stated above. ECF No. 40. On June 6, 2019, plaintiff filed a motion seeking, among other requests, an indefinite stay of all discovery until the District Judge rules on plaintiff's objections (ECF No. 40) and a ruling is entered on plaintiff's Motion to Amend (ECF No. 34). ECF No. 44. That request for stay was denied. ECF No. 48.

On June 18, 2019, plaintiff filed another motion again requesting a stay of discovery. ECF No.

55. On July 1, 2019, the magistrate judge granted that motion and ordered, "In light of the plaintiff's pending objection to the Magistrate Judge's orders (ECF No. 40), discovery and all associated discovery deadlines are hereby STAYED until the District Court enters an order on the objection." ECF No. 59.

On July 2, 2019, defendant filed a Motion for Order to Show Cause, ECF No. 60, and a Motion for Sanctions for Failure to Comply with Court Order. ECF No. 61. On July 12, 2019, the district judge overruled plaintiff's objections (ECF No. 40). ECF No. 63.

On August 1, 2019, the magistrate judge, noting that the district judge had overruled the pending objections (ECF No. 40), lifted the stay entered on July 1, 2020 (ECF No. 59) and ordered that, "plaintiff shall have to and including Monday, September 2, 2019 to comply with the courts order ECF No. 36 requiring her to supplement her discovery responses…If plaintiff fails to comply with the court's order ECF No. 36, the court will consider all available sanctions, including case terminating sanctions, under Fed. R. Civ. P. 37, Local Rule IA 11-8, 28 U.S.C. § 1927 and/or the court's inherent power." ECF No. 74.

Plaintiff did not timely comply with the court's order. Plaintiff filed three objections. ECF Nos. 76, 79 and 80. These were overruled. ECF Nos. 78 and 81. On September 10, 2019, defendant filed a Notice of Plaintiff's Failure to Comply with Court Order and Request for Sanctions. ECF No. 82. The magistrate judge construed this filing as a supplement to the previously file Motion for Sanctions (ECF No. 61) and ordered supplemental briefing. ECF No. 83. After briefing was complete, on October 8, 2019, the magistrate judge entered an order deferring one more time a ruling on the Motion for Sanctions (ECF No. 61) and allowed plaintiff "one final opportunity" to comply with the court's order ECF No. 36. ECF No. 90.

//

Two paragraphs from that order succinctly summarize the court's reasoning and the clear warning that this is the plaintiff's final chance to avoid sanctions:

> Plaintiff continues to be in noncompliance with this court's order requiring her to supplement her discovery responses. One primary issue is Plaintiff's continued refusal to disclose her social security number. Plaintiff continues to object to its disclosure and claims her social security number is "privileged." However, there is no valid basis for the objection, and it has repeatedly been overruled by both this court and the District Court because a person's social security information is not the type of "privileged" material contemplated under Rule 26(d). Plaintiff's refusal to disclose her social security number hinders Costco's ability to obtain Plaintiff's relevant medical records, which Plaintiff also refuses to provide. Without disclosure of Plaintiff's social security number and relevant medical records, it is nearly impossible for this case to proceed, because without this evidence, Plaintiff will be unable to prove her damages, and conversely, Costco will be unable to properly defend itself, if, for example, any pre-existing injuries or conditions exist.
>
> Accordingly, at this time, the court will defer ruling on the motion for sanctions (ECF No. 61) and, in light of Plaintiff's *pro se* status, will provide Plaintiff one final opportunity to comply with the court's order ECF No. 36, requiring her to supplement her discovery responses. While Plaintiff has repeatedly objected to the court's order, those objections have been overruled. Plaintiff does not have a valid objection to the court's order requiring her to supplement her discovery responses. Plaintiff is on notice that this is her last and final opportunity to properly and completely comply with the court's order, ECF No. 36. Moreover, if Plaintiff fails to comply with the court's order, the court will consider all available sanctions, including case terminating sanctions, under Fed. R. Civ. P. 37, Local Rule IA 11-8, 28 U.S.C. § 1927, and/or the court's inherent power.

ECF No. 90.

The magistrate judge set a deadline of October 21, 2019, by which plaintiff must comply with her discovery order or face all available sanctions, including case terminating sanctions, under Fed. R. Civ. P. 37, Local Rule IA 11-8, 28 U.S.C. § 1927, and/or the court's inherent power. *Id.*

On October 22, 2019, defendant filed an Addendum to its Motion for Sanctions (ECF No. 61).

4

ECF No. 91. Defense counsel reported to the court, with the passage of the most recent deadline of October 21, 2019, the plaintiff had again refused to comply with the court's discovery order.

Plaintiff has not filed any response to that addendum and there is nothing in the record to refute the facts set forth in defendants addendum (ECF No. 91).

**DISCUSSION**

Under its inherent power, a court may assess attorney's fees or other sanctions for the willful disobedience of a court order. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991). A court's inherent powers "are governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 43.

Under Rule 37(b) of the Federal Rules of Civil Procedure, a case may be dismissed in whole or in part for failure to obey a discovery order. Fed. R. Civ. P. 37(b)(2)(A)(v). To determine whether case dispositive sanctions are warranted, the Ninth Circuit looks to a five-part test: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. The sub-parts of the fifth factor are whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions. This "test" is not mechanical. It provides the district court with a way to think about what to do, not a set of conditions precedent for sanctions or a script that the district court must follow. *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007) (quotations omitted). "Only 'willfulness, bad faith, and fault' justify terminating sanctions." *Id*.

When a court order is violated, "the first two factors support sanctions and the fourth factor cuts against a default. Therefore, it is the third and fifth factors that are decisive." *Adriana Int'l Corp. v.*

*Lewis & Co.*, 913 F.2d 1406, 1412 (9th Cir. 1990). The court must also determine, "whether the discovery violations 'threaten to interfere with the rightful decision of the case.'" *Lowry v. Metro. Transit Bd. MTBS*, No. 09cv00882, 2013 U.S. Dist. LEXIS 110744, at 6 (S.D. Cal. Aug. 5, 2013); citing to *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007). "Disobedient conduct not shown to be outside the control of the litigant is sufficient to demonstrate willfulness, bad faith, or fault warranting default*." Stars' Desert Inn Hotel & Country Club Inc. v. Hwang*, 105 F.3d 521, 525 (9th Cir. 1997). Courts may dismiss actions by *pro se* litigants for failure to comply with court orders. See *Lowry* 2013 U.S. Dist. LEXIS 110744 at 6 (Finding that *pro se* litigant, "ha[d] shown a continued lack of respect for the judicial process that he himself initiated, and '[i]t is appropriate to reject lesser sanctions where the court anticipates continued deceptive misconduct.*' Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1097 (9th Cir. 2007).").

I find that case dispositive sanctions are warranted against Taylor. Taylor refused to comply with her discovery obligations when she failed to produce discovery as ordered on June 3, 2019, June 10, 2019 (original deadlines set by ECF No.36), September 2, 2019 (deadline set by ECF No. 74), with clear warning that failure to comply may result in case terminating sanctions, and October 21, 2019, again with a clear warning of case terminating sanctions and a statement that this was plaintiff's final opportunity to comply with the court's order (deadline set by ECF No. 90). Defendant notified the court that plaintiff has not complied with this court's numerous orders (ECF No. 91). Defendant has also presented compelling evidence that Taylor has intentionally falsified at least one medical record within the limited documents that plaintiff has disclosed to defendant.[1] Taylor argued in response to defendant's motion for sanctions that this court's orders are void and do not require compliance (ECF

---

[1] ECF No. 61 at 14 and 16. On the November 28, 2016 Reno Orthopedic Clinic report ("Clinical Report") that plaintiff provided to defendant, a sentence is partially marked out with a pen so that the sentence reads, "Patient Hematoma injury to the head or neck." *Id.* at. 14. The word "Hematoma" is written in pen and the rest of the sentence is typed. When defendant obtained an original copy of the Clinical Report from Reno Orthopedic Clinic, the sentence is typed and reads: "Patient **denies** injury to the head or neck." *Id.* at 16. (Emphasis added).

6

No. 65), so I find that Taylor's refusal to comply with this court's orders are willful, done in bad faith, and that Taylor is at fault for her own non-compliance.

Taylor's refusal to comply with her discovery obligations, in a case that she has initiated, has delayed this case. The court has repeatedly warned Taylor regarding the fact that there would be consequences, including case terminating sanctions, if Taylor did not comply with this court's order regarding discovery. Taylor's refusal to comply with the court's orders shows there is a pattern of misconduct. The court has expended resources regarding Taylor's failure to comply with her discovery obligations multiple times now and Taylor's refusal to comply interferes with the court's need to manage its docket. Costco will be prejudiced if it must go to trial without discovery which, "threatens to interfere with the rightful decision of the case." *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1097 n.14 (9th Cir. 2007), citing to *Valley Eng'rs v. Electric Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998) (quoting *Adriana Intl. Corp. v. Lewis & Co.*, 913 F.2d 1406, 1412 (9th Cir. 1990)). This court has previously warned Taylor regarding case terminating sanctions, specifically regarding her failure to comply with this court's orders, thus less drastic sanctions are unavailable because Taylor has engaged in a pattern of discovery violations and Taylor has openly stated that she views this court's orders as void.

I grant defendant's Motion for Sanctions (ECF No. 61). I recommend that Taylor's Complaint be dismissed, and judgment be entered against plaintiff Taylor. I also order that plaintiff Taylor must pay $2,000 to defense counsel to defer some of the unnecessary litigation costs incurred by defendants in this discovery dispute. My Order that plaintiff pay $2,000 in sanctions is effective immediately and I expressly decline staying my Order, even if Taylor files an Objection. See *Brady v. Grendene USA, Inc.*, No. 3:12-cv-604 GPC (KSC), 2015 U.S. Dist. LEXIS 183799, at 14 n.4 (S.D. Cal. Oct. 16, 2015) ("[F]iling an Objection or an Application to Stay a Discovery Order does not obviate the requirement to comply with the Court Order unless and until the Court grants the Stay or rules on the Objection."

*Brady v. Grendene USA, Inc.*, No. 3:12-cv-604 GPC (KSC), 2015 U.S. Dist. LEXIS 183799, at 14 n.4 (S.D. Cal. Oct. 16, 2015).

Since I recommend case terminating sanctions, I deny both plaintiff's Motion to Amend her Complaint (ECF No. 34) and defendant's Motion to for an Order to Show Cause to compel non-party Tezak to attend his deposition (ECF No. 60) as moot.

Accordingly,

IT IS RECOMMENDED that defendant Costco's Motion for Terminating Sanctions (ECF No. 61) be GRANTED: plaintiff Lula Taylor's Complaint should be DISMISSED without prejudice and the Clerk should enter judgment in favor of defendant.

IT IS ORDERED that plaintiff Lula Taylor must pay $2,000 in attorneys' fees to defense counsel by Monday, March 16, 2020. Plaintiff must file proof of payment on the docket within seven days of the payment being made.

IT IS FURTHER ORDERED that plaintiff's Motion for Leave to Amend her Complaint (ECF No. 34) is DENIED.

IT IS FURTHER ORDERED that defendant's Motion for an Order to Show Cause (ECF No. 60) is DENIED.

DATED this 2nd day of March 2020.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE