UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| LULA TAYLOR,<br><br>                      Plaintiff,<br>    v.<br><br>COSTCO WHOLESALE CORPORATION,<br><br>                      Defendant. | Case No. 3:18-cv-00586-MMD-CBC<br><br>ORDER |

**I.  SUMMARY**

Plaintiff Lula Taylor initiated this action *pro se* to assert a claim for negligence arising from an incident where she slipped and fell from a liquid substance on the floor of an aisle at Defendant Costco Wholesale Corporation's premises. (ECF No. 1 at 8-9.) Before the Court is the Report and Recommendation of United States Magistrate Judge Cam Ferenbach ("R&R") recommending that the Court grant Defendant's Motion for Terminating Sanctions (ECF No. 61) and that the Complaint be dismissed without prejudice. (ECF No. 99 at 7-8.) Plaintiff had until March 16, 2020 to file an objection. To date, no objection has been filed. For that reason, and because the Court agrees with Judge Ferenbach, the Court will adopt the R&R.

**II.  BACKGROUND**

Plaintiff has failed to comply with four discovery deadlines set by the prior magistrate judge in this matter, Judge Carla Baldwin.[1] Judge Baldwin granted Defendant's motion to compel (ECF No. 17) and ordered Plaintiff to sign a HIPAA authorization by June 3, 2019, and to supplement certain discovery responses—including disclosure of her

---

[1] On November 8, 2019, Judge Baldwin recused herself from the case (ECF No. 94), which was reassigned to Judge Ferenbach.

social security number—by June 10, 2019. (ECF No. 36 at 3-4; *see also* ECF No. 40 at 5.) After Plaintiff unsuccessfully objected and moved to stay the order, Judge Baldwin ordered Plaintiff to comply with the court orders by September 2, 2019. (ECF No. 74.) Plaintiff did not comply, but Judge Baldwin gave Plaintiff "her last and final opportunity to properly and complete comply with the court's order" by October 21, 2019, otherwise "the court will consider all available sanctions, including case terminating sanctions, under Fed. R. Civ. P. 37, Local Rule IA 11-8, 28 U.S.C. § 1927, and/or the court's inherent power." (ECF No. 90 at 4.) Judge Baldwin also explained that failure to disclose Plaintiff's social security number and relevant medical records renders it "nearly impossible for this case to proceed, because without this evidence, Plaintiff will be unable to prove her damages, and conversely, [Defendant] will be unable to properly defend itself, if, for example any pre-existing injuries or conditions exist." (*Id.* at 3.) Again, Plaintiff refused to comply. (*See* ECF No. 91-1 at 2.)

## III. LEGAL STANDARD

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v. Reyna-Tapia,* 328 F.3d 1114 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis in original); Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (providing that the court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation").

Federal Rule of Civil Procedure 37(b)(2)(A) permits a court to impose sanctions upon a party for failing to obey a discovery order. Rule 37(b)(2)(A) states, "If a party or a party's officer, director, or managing agent . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is

2

pending may issue further just orders." Rule 37(b)(2)(A) lists possible sanctions that include dismissing the action in whole or in part.

A court has the discretion to impose the extreme sanction of dismissal if there has been "flagrant, bad faith disregard of discovery duties." *Wanderer v. Johnston*, 910 F.2d 652, 655-56 (9th Cir.1990) (citing *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639 (1976)). Because the sanction of dismissal is such a harsh penalty, the district court must weigh five factors before imposing dismissal: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to [the party seeking sanctions]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Wanderer*, 910 F.2d at 656 (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir.1987)).

**IV.     DISCUSSION**

While Plaintiff has failed to timely object to the R&R, the Court has nevertheless conducted a *de novo* review to determine whether to adopt the R&R. Having reviewed the R&R (ECF No. 99) and relevant records (ECF Nos. 36, 40, 61, 64, 74, 90, 91), the Court agrees with Judge Ferenbach and adopts the R&R in full.

Judge Ferenbach found that Plaintiff willfully and repeatedly disregarded Judge Baldwin's orders. (ECF No. 99 at 7.) In fact, Plaintiff has argued that Judge Baldwin's orders are void and do not require compliance. (*Id.* at 6-7; ECF No. 64 at 12-15.) Furthermore, Defendant has presented compelling evidence that Plaintiff intentionally falsified at least one medical record by rewriting the sentence, "Patient *denies* injury to the head or neck," into "Patient *Hematoma* injury to the head or neck." (ECF No. 61 at 14, 16 (emphasis added); *see also* ECF No. 99 at 6 n.1.)

In reviewing the five factors for imposing a sanction of dismissal, Judge Ferenbach concluded that dismissal is appropriate because: (1) Plaintiff's repeated failure to comply with the court's discovery orders impedes the expeditious resolution of litigation; (2) Plaintiff's misconduct interferes with the court's need to manage its docket; (3) Defendant is prejudiced by Plaintiff's refusal as it cannot obtain basic discovery information regarding

Plaintiff's damages; and (4) less drastic sanctions would not be appropriate because Plaintiff's conduct makes it impossible for this litigation to proceed and there is no indication that Plaintiff will eventually comply with the discovery order. (ECF No. 99 at 5-7.) The Court agrees and additionally finds that the fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein. Moreover, Judge Baldwin warned Plaintiff that her failure to obey the court's order will result in dismissal (ECF No. 90 at 4), which demonstrates that the court properly considered less drastic alternatives. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

It is therefore ordered, adjudged, and decreed that the Report and Recommendation of Magistrate Judge Cam Ferenbach (ECF No. 99) is accepted and adopted in full.

It is further ordered that Defendant's Motion for Terminating Sanctions (ECF No. 61) is granted.

It is further ordered that Plaintiff's Complaint (ECF No. 1 at 7-11) is dismissed without prejudice.

The Clerk of Court is directed to enter judgment in accordance with this order and close this case.

DATED THIS 17th day of March 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE