UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LULA TAYLOR, | Case No. 3:18-cv-00586-MMD-CBC |
| Plaintiff, | ORDER |
| v. | |
| COSTCO WHOLESALE CORPORATION, | |
| Defendant. | |

Plaintiff Lula Taylor initiated this action *pro se* to assert a claim for negligence arising from an incident where she slipped and fell from a liquid substance on the floor of an aisle at Defendant Costco Wholesale Corporation's premises. (ECF No. 1 at 8-9.) United States Magistrate Judge Cam Ferenbach[1] issued a Report and Recommendation of ("R&R") recommending that the Court grant Defendant's Motion for Terminating Sanctions (ECF No. 61) and that the Complaint be dismissed without prejudice. (ECF No. 99 at 7-8.) Plaintiff had until March 16, 2020 to file an objection. The Court accepted the R&R on March 17, 2020 both because Plaintiff had not objected and because the Court agreed with Judge Ferenbach after conducting a *de novo* review. (ECF No. 100.) However, after the Court's order was docketed, the Court learned that Plaintiff filed her objection, dated on March 11, 2020, by the March 16, 2020 deadline (ECF No. 102).[2]

///

---

[1]Magistrate Judge Carla Baldwin was originally assigned to this matter, but on November 8, 2019 Judge Baldwin recused herself from the case (ECF No. 94), which was reassigned to Judge Ferenbach.

[2]Due to a docketing error which has since been corrected, Plaintiff's objection was not docketed until March 18, 2020. (ECF No. 102.) While her objection is docketed as ECF No. 102 and carried a filed stamp date of March 16, 2020, it was actually docketed after the order adopting the R&R, which is ECF No. 100.

Having now reviewed Plaintiff's objections, the Court reaffirms its prior order adopting the R&R (ECF No. 100). The Court addresses Plaintiff's objections in turn.

The Court granted terminating sanctions because Plaintiff repeatedly refused to sign a HIPAA authorization and to supplement certain discovery responses—including disclosure of her social security number—as ordered by Judge Baldwin and this Court. (ECF No. 100 at 1-2, 4.) Plaintiff does not dispute this.[3]

Instead, Plaintiff objects that Judge Ferenbach and I are biased towards Plaintiff (ECF No. 102 at 3, 5.) Plaintiff explains that she filed a *Bivens* action against me for my handling of the present case, and that I am dismissing this action in retaliation. (*Id.* at 2, 5; *see also Taylor, et al. v. Sullivan, et al.*, 3:19-cv-668 (D. Nev. Nov. 5, 2019).) Plaintiff contends that, based on these facts, "[i]t is clearly obvious that Magistrate Judge Ferenbach has developed an extreme bias towards" Plaintiff. (ECF No. 102 at 3.) Plaintiff's conjecture is without a sound basis. Plaintiff has not offered any other facts or reasons to support her claim of bias against Judge Ferenbach. Moreover, I had already denied her motion to recuse because not only has she not supported her bare allegation that I am biased against her, but ""[a] judge is not disqualified by a litigant's suit or threatened suit against [her]." (ECF No. 96 at 1-2.) *United States v. Studley*, 783 F.2d 934, 940 (9th Cir. 1986); *see also United States v. Bundy*, No. 2:16-CR-046-GMN-PAL, 2016 WL 3012041, at *2 (D. Nev. May 24, 2016) (citation omitted) ("The law does not allow a party to create a conflict and use it as a basis for a request for recusal."). Plaintiff's bias objections are therefore overruled.

Plaintiff also asserts that Judge Baldwin's orders are void for three reasons. First, Plaintiff attempts to relitigate the validity of those orders for a fourth time (ECF No. 102 at

///

///

---

[3]*See* ECF No. 102 at 5 (". . . Plaintiff had completely complied with all void orders *with the exception* of disclosure of her privileged government issued Social Security number . . ." (emphasis added).)

2

5),[4] even though this Court has already overruled Plaintiff's objections and denied her two motions for reconsideration (*see* ECF No. 96 at 2-3). To the extent Plaintiff is seeking a third motion for reconsideration, the Court denies it because Plaintiff has not (1) presented the Court with newly discovered evidence, (2) shown that the Court committed clear error or that its initial decision was manifestly unjust, or (3) pointed to any intervening change in controlling law. *See Sch. Dist. No. 1J v. AC&S, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Second, Plaintiff asserts that she did not consent to having her case heard by Judge Baldwin. (ECF No. 102 at 3.) However, "[c]onsent is not required for a magistrate judge to resolve the pretrial issues contemplated by [28 U.S.C.] § 636(b)(1)(A), like . . . *resolving discovery-related issues.*" *Middleton v. Omely Telecom Corp.*, Case No. 2:16-cv-1369-JAD-GWF, 2017 WL 5559913, at *1 (D. Nev. Nov. 16, 2017). Third, Plaintiff argues that Judge Baldwin was disqualified from the case, therefore her orders are void. (ECF No. 102 at 2-3.) But "Judge Baldwin denie[d] all the allegations in the motion to recuse" and only recused herself from the action in an abundance of caution "to not further complicate the present case and to avoid any possible appearance of bias or partiality." (ECF No. 94.) Because the Court has previously and repeatedly found that Judge Baldwin's discovery orders are valid, the Court will overrule Plaintiff's objections.

For the foregoing reasons, the Court finds that it correctly adopted the R&R (ECF No. 99) and correctly granted Defendant's motion for terminating sanctions (ECF No. 61).[5]

---

[4]Plaintiff argues that Judge Baldwin's discovery orders were "not proportional to the needs of the case in discovery and did not prevent any release of any medical records since Defendant failed to support their motion by an affidavit to the contrary . . ." (*id.* at 5.) The Court disagrees. As Judge Baldwin previously explained to Plaintiff, failure to disclose Plaintiff's social security number and relevant medical records renders it "nearly impossible for this case to proceed, because without this evidence, Plaintiff will be unable to prove her damages, and conversely, [Defendant] will be unable to properly defend itself, if, for example any pre-existing injuries or conditions exist." (ECF No. 9 at 3.)

[5]Judge Ferenbach denied Plaintiff's motion for leave to amend as moot and ordered Plaintiff to pay $2,000 in attorneys' fees to defense counsel by Monday, March 16, 2020. (ECF No. 99 at 8.) Plaintiff objects to these orders on the basis that they are "void for illegality" and subject to a *Bevins* action, a Federal Government Tort Claim, and Federal Tort Claims Act. (ECF No. 102 at 4.) Without more than these conclusory assertions, the Court is not persuaded and therefore overrules Plaintiff's objections.

It is therefore ordered that Plaintiff's objections (ECF No. 102) are overruled. This Court's order (ECF No. 100) and judgment (ECF No. 101) stands.

DATED THIS 23rd day of March 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE